T.C. Memo. 1998-125


UNITED STATES TAX COURT


LESLIE A. AND BETSY M. ROY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7423-96.                     Filed March 31, 1998.


<u>Walter A. Hefner, Jr.</u>, for petitioners.

<u>Sandra Veliz</u>, for respondent.


MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent
determined deficiencies in petitioners' Federal income taxes for
the years 1992 and 1993 in the amounts of $3,600 and $3,901,

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

respectively. The issues for decision are: (1) Whether petitioners are entitled to rental expense deductions for a personal residence; and (2) whether petitioners are entitled to exclude payments by their employer for use of their personal residence.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in Moxee, Washington, at the time they filed their petition.

## Background

When Leslie Roy (petitioner) was in high school, he began working on his family's farm, Roy Farms, Inc. (Roy Farms or the farm). Roy Farms is a large farm, owning more than 5,000 acres of land and harvesting crops such as apples, hops, sweet cherries, and alfalfa. The farm also maintains approximately 1,000 head of cattle.

Roy Farms is an S corporation, of which petitioner holds a minority interest. In 1992, he held 8.15 percent of Roy Farms' shares and in 1993, he held 10.39 percent. The remainder is held by petitioner's three brothers and his parents. Lester Roy, petitioner's father, is the president of Roy Farms.

Petitioner has worked steadily on the farm since high school, taking only a temporary break to earn his college degree

in economics. For the taxable years at issue, petitioner worked as one of several farm managers.

In his capacity as manager, petitioner is required to live on or in close proximity to the farm. He has personnel to manage on a daily basis. Each morning, petitioner awakens to laborers waiting outside his house in hopes of getting work for the day. Petitioner is responsible for hiring and firing these laborers, as needed, on the land he oversees.

Petitioner also must be available at various times of the day and night as part of his management of the land. The hops season runs for 11 months out of the year, with a 6-month cycle of around the clock irrigation. The laborers work 24 hours a day in August to harvest the 1,300-acre crop. The apple orchard requires 24-hour attention from April through October, and the cattle require 24-hour attention during calving season. During irrigation season, the managers must watch for broken pipes, and during frost season, managers are on call for frost alarms which require immediate response. Farming equipment must be closely monitored to avoid vandalism and to ensure the security of the machinery. For this reason, petitioner sometimes stores farming vehicles and other equipment on his property.

In addition to tractors and trucks, petitioner also provides storage space for ladders and packing boxes that are used throughout the season. On the 5-acre parcel of land surrounding

his home, petitioner uses 1/4 acre to store the empty apple bins used in harvesting the 600-acre apple orchard. During picking season, the apples are also kept on the property where they are eventually loaded and hauled away. During pruning season, cars and trucks use his long driveway to park, and tractors ride up and down the road, creating dust and causing wear and tear on the road.

Petitioner's land is contiguous to the farming property owned by Roy Farms. Prior to 1989, petitioner and his family lived in farm-owned housing for 15 years. In 1989, petitioner and his wife purchased a 5-acre parcel of land abutting the property and built their own home. All the expense incurred in purchasing and running the home are paid by the petitioners. Petitioners pay the mortgage and insurance on the property, as well as real estate taxes. Although there is no signed contract, Roy Farms agreed to pay petitioner $1,000 each month to compensate petitioner for the wear and tear on his roads, for use of various facilities in his home, and for storage of the farming equipment and materials on his property.

In his 1992 Federal income tax return, petitioners reported $12,000 on the Schedule E as rental income, and deducted $12,000 in business expenses and depreciation for the farm's use of his house. In 1993, petitioner reported the $12,000 as rental income, but then excluded the entire amount as de minimis income under section 280A(g)(2).

Respondent disallowed deduction of any expenses or depreciation on the grounds that section 280A(c)(6) denies deduction when an employee rents a residence to his employer for business purposes, and respondent disallowed exclusion under section 280A(g)(2), arguing that the $12,000 was not de minimis rental income. Rather, respondent argues that petitioners rented their residence to Roy Farms for $1,000 a month, who subsequently leased it back to petitioners rent free as farm housing.[2] Because this alleged leasing agreement provided for rental of petitioner's home for more than 15 days during the taxable year, the exclusion for de minimis use of their property, respondent argues, does not apply.

Petitioner contends that even if respondent's position were true, section 280A(g)(2) works to exclude the $1,000 payments from Roy Farms as rental income because the payments are significantly below the fair rental value of the residence, and thus the petitioners have not actually rented out their dwelling unit but have maintained exclusive personal use of the house as a residence for the entire taxable years at issue.

## Discussion

Generally, a taxpayer may not deduct expenses incurred from the rental use of a personal residence or any portion thereof.

---

[2]We decline to address the application of sec. 119 to petitioners, as this issue was not raised by either party anywhere in the record.

Sec. 280A(a). If the taxpayer rents out his dwelling unit, deductions are allowed only to the extent the gross income derived from renting the property exceeds certain expenses. Sec. 280A(c)(3), (c)(5).

Petitioners received $12,000 in taxable years 1992 and 1993 from Roy Farms for the use of certain areas of their house and surrounding property. They do not dispute receiving this income, but they contest respondent's disallowance of any exclusions or deductions to offset this income.

The arrangement petitioners have with Roy Farms, respondent argues, is one that falls squarely within the disqualifying language of section 280A(c)(6). Section 280A(c)(6) provides that no deduction shall be allowed for "any item which is attributable to the rental of the dwelling unit (or any portion thereof) by the taxpayer to his employer during any period in which the taxpayer uses the dwelling unit (or portion) in performing services as an employee of the employer."

We agree with respondent that deduction by petitioners of any rental expenses that may be otherwise allowable by section 280A(c)(3) is disallowed by reason of section 280A(c)(6). The meaning of the statutory language is clear. There shall be no deduction for expenses attributable to the rental use of a personal residence by an employee when the property is rented to the employee's employer. The parties stipulated that petitioner is employed by Roy Farms, and that he received $1,000 per month

from Roy Farms during 1992 and 1993 to cover their business use of the petitioners' property. Petitioners have offered no evidence or argument which leads us to conclude that section 280A(c)(6) should be ignored, or is inapplicable to petitioners' situation in light of these undisputed facts.

In the alternative, petitioners have argued that the $12,000 they received annually as rental income should be excluded from their gross income pursuant to section 280A(g). Section 280A(g) provides:

> (g) Special Rule for Certain Rental Use.-- Notwithstanding any other provision of this section or section 183, if a dwelling unit is used during the taxable year by the taxpayer as a residence and such dwelling unit is actually rented for less than 15 days during the taxable year, then--
>
> (1) no deduction otherwise allowable under this chapter because of the rental use of such dwelling unit shall be allowed, and
>
> (2) the income derived from such use for the taxable year shall not be included in the gross income of such taxpayer under section 61.

Petitioners have the burden of proving their entitlement to the exclusion found in section 280A(g). Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933).

In essence, petitioners argue that the $12,000 received from Roy Farms in both 1992 and 1993 is properly excludable under section 280A(g)(2) because their home was not "actually rented" during the taxable year. It was not actually rented, according

to petitioners, because the value of what they received is not the fair rental value of the dwelling unit.

We note that for purposes of allocating allowable deductions under section 280A(c), the taxpayer may deduct only those expenses attributable to the number of days the dwelling unit is rented at a fair rental value. Sec. 280A(e). However, section 280A(g) contains no requirement that the dwelling unit be rented at fair rental value for it to be actually rented for purposes of this subsection, nor can we find any case purporting to impose such a requirement. Hence, we do not find the lack of a fair rental value dispositive of whether section 280A(g) works in the petitioners' favor.[3] Examining the language of section 280A(g), we find that there are other requirements which preclude the petitioners from benefiting from this provision.

Section 280A(g) requires that the taxpayer's "dwelling unit" be actually rented for less than 15 days out of the taxable year. Dwelling unit is defined in section 280A(f)(1)(A) as a "house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit." (Emphasis added.)

---

[3]In any event, petitioners presented no evidence with respect to the fair rental value of the portion of the dwelling unit that was rented to Roy Farms. Even if petitioners' argument had merit, they would not prevail because they failed to meet their burden of proof with respect to this fact.

Petitioners' dwelling unit, as defined in section 280A(f)(1), includes all areas of the home plus the surrounding property. For $1,000 each month, petitioner agreed to let Roy Farms store apple bins, apples, and farming equipment on his property. He allowed the trucks to drive up and down the roadway leading up to his house, and permitted use of his telephone, bathroom facilities, and other miscellaneous areas of his home as needed for the convenience of those working on the farm. Even if the petitioners maintained certain areas of the house for their exclusive use, they are still considered to have rented out their dwelling unit for purposes of section 280A(g) because they rented out property appurtenant to their dwelling unit. The $1,000 monthly payments represent income from the rental of their dwelling unit for the entire year, which takes them out of section 280A(g) because the de minimis provision only seeks to exclude income from the rental of a dwelling unit for less than 15 days during the taxable year.

Contrary to respondent's assertion, there is economic substance to this transaction, but it simply does not afford petitioners favorable tax treatment. The intent of the parties was to provide the petitioners with compensation for limited business use of their property. Based on the record, that use was confined to storage equipment and crops on certain areas of his property, use of his roads, and the occasional use of his telephone and bathroom facilities. When rented for the entire

year, this is sufficient rental of a dwelling unit to preclude exclusion of income and prohibit deductions under section 280A(g).

For this reason, we find that petitioners have not met their burden of proof with respect to their claimed deductions and exclusions.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.